UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JUL 13 P 2:40

| | |
|---|---|
| Jeffrey Dan Williams, #08119-062, | C/A No. 2:06-1953-HFF-RSC |
| Petitioner, | |
| v. | Report and Recommendation |
| M. Pettiford, Warden, | |
| Respondent. | |

Petitioner, Jeffrey Dan Williams, is a federal inmate currently incarcerated at FCI-Bennettsville in South Carolina. He seeks relief under Title 28 United States Code Section 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such pro se cases and submit findings and recommendations to the District Court.

### PRO SE PETITION

As a pro se petitioner, Petitioner is entitled to have his pleadings accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a pro se petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton,

775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In 1998, Petitioner pled guilty in the Northern District of Oklahoma to conspiracy to manufacture and distribute methamphetamines, possession with intent to distribute in excess of 100 grams of methamphetamine, and use of a firearm during the commission of a drug trafficking crime. See U.S. v. Williams, 201 F.3d 449 (10th Cir. 1999)(unpublished). He was sentenced to an aggregate prison term of 420 months. Id. On direct appeal, he alleged the district court misapplied the sentencing guidelines with respect to the quantity and identity of the drugs. Petitioner's convictions and sentence were affirmed. Id. In 2001, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 raising the "voluntariness of the guilty plea and the constitutionality of the sentence imposed." His § 2255 motion was denied. U.S. v. Williams, 44 Fed.Appx. 443 (10th Cir. 2002)(unpublished).[1] Petitioner also pursued administrative remedies seeking to have the Bureau of Prisons ("BOP") reduce his sentence. His request was denied.

A § 2241 petition is not the proper means to raise Petitioner's claim. A motion filed pursuant to § 2255, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999)(collecting cases from other circuits). Typically, § 2241 is used to challenge the manner in which a sentence is executed. In re Jones, 226 F.3d 328, 334 (4th Cir.2000). Habeas relief pursuant to § 2241 is available only if a § 2255 motion is inadequate or ineffective to test the legality of detention. Jones, 226 F.3d at 333. Furthermore, "[i]t is beyond question that § 2255

---

[1] Petition also filed an application for authorization to file a successive § 2255 motion which was denied recently. U.S. v. Williams, 167 Fed.Appx. 25 (10th Cir. 2006)(unpublished).

2

is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id. at 333.

Petitioner alleges he can bring this § 2241 petition because he is "actually innocent" based upon a misapplication of the sentencing guidelines. Even assuming that a showing of actual innocence would entitle Petitioner to review under § 2241, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 324 (1995) (holding to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"). In the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his claim that he is innocent of the charge. Despite his attempts to claim "actual innocence" relative to his sentence, it is obvious that each of Petitioner's claims in this case question the underlying validity of his federal criminal conviction which is not properly done in a § 2241 petition. Accordingly, this § 2241 petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by

3

ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970).  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.  **The petitioner's attention is directed to the important notice on the next page.**

July /3, 2006
Charleston, South Carolina

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.) (party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) ("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984) ("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 835**
**Charleston, South Carolina 29503**