

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JEFFREY DAN WILLIAMS, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:06-1953-HFF |
| § | |
| M. PETTIFORD, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a *habeas corpus* petition brought pursuant to 28 U.S.C. § 2241. Petitioner is proceeding *pro se.* The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending that the Court dismiss the petition without prejudice and without issuance and service of process. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 13, 2006. In the Report, the Magistrate Judge recommends that the petition be dismissed. The Magistrate reached this conclusion by noting that an attack on the validity of a sentence of imprisonment is generally not cognizable under § 2241. Instead, a federal prisoner may challenge the validity of his conviction or sentence by collateral attack only under § 2255. Because this petition would constitute a second or successive § 2255 filing, because Petitioner has not received permission to make such a filing, and because relief under § 2255 is not "ineffective or inadequate," the Magistrate recommends that the petition be dismissed.

Petitioner filed objections to the Report on July 24, 2006. In these objections, Petitioner asserts that (1) he has presented evidence of actual and factual innocence and (2) the Magistrate Judge failed to address his argument that Respondent abused his discretion in failing to move for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

As an initial matter, the Court notes that this petition is not cognizable under § 2241. This is so because § 2255 is not "ineffective or inadequate" to address Petitioner's claims here. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). This conclusion is further bolstered by Petitioner's failure to present *factual* evidence indicating actual innocence (rather than allegations of *legal* insufficiency). *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (noting criteria for actual innocence claims). Because § 2255 is not ineffective or inadequate and because Petitioner has not received leave to file a successive § 2255 petition, his claim here must be dismissed.

The Court next turns to Petitioner's claim that Respondent abused his discretion by failing to submit a motion for reduction of Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This claim fails for several reasons. First, the claim suffers from the same defect as Petitioner's first

2

claim; namely, it attacks the validity of a sentence and, thus, is foreclosed as a successive § 2255 petition.  Second, § 3582(c)(1)(A)(i) permits the Court to modify a sentence only upon motion of the Bureau of Prisons (as opposed to § 3582(c)(2), which permits the Court to modify a sentence on motion of a prisoner or on its own motion), and Respondent has filed no such motion here.  Third, proceedings to modify a sentence under § 3582, like § 2255 proceedings, must be heard by the court imposing sentence.  *United States v. Jones*, 143 Fed. App'x. 526, 527 (4th Cir. 2005) (noting that § 3582 grants the *sentencing court* discretion to modify a sentence).  For these reasons, Petitioner's claims fail as a matter of law.

Accordingly, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein to the extent that it does not contradict the terms of this Order.  Therefore, it is the judgment of this Court that the petition be, and the same is hereby, **DISMISSED** *without prejudice*.

**IT IS SO ORDERED**.

Signed this 26th day of July, 2006, in Spartanburg, South Carolina.


                                             s/ Henry F. Floyd
                                             HENRY F. FLOYD
                                             UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**
Petitioner is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3